```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
AMANDA LEE,                    :
                               :
                    Plaintiff, :
                               :
    - against -                :    No. 12 Civ. 7374 (JFK)
                               :
JOEL B. CHARLES, and           :      OPINION & ORDER
JOHN W. WANY,                  :
                               :
                    Defendants.:
------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 16, 2013
```

**JOHN F. KEENAN, United States District Judge:**

This Opinion addresses the potential conflict of interest issue first raised sua sponte by the Court in its September 30, 2013 Order. Having considered the parties' submissions and the governing caselaw, the Court concludes that Miller may continue to represent Defendants upon the satisfaction of the conditions set forth below.

## I. Background

In the instant case, Plaintiff Amanda Lee alleges that she was struck by a car owned by Defendant John W. Wany and driven by Defendant Joel B. Charles. Trial is scheduled to begin on November 13, 2013.

Defendants are represented by the same attorney, Christopher Miller of James G. Bilello and Associates. That firm is comprised of attorneys and staff who are all employees of GEICO, the insurer of the car that allegedly hit Plaintiff.

On September 30, 2013, this Court issued an Order directing the parties to address the possibility that this dual representation constitutes a conflict of interest. (ECF No. 30.)

## II.  Discussion

### A.  Summary of Legal Principles

Although a litigant has the right to freely choose his lawyer, a court must balance that right against "the need to maintain the integrity and high standards of the legal profession." Norwind v. Rowland, 584 F.3d 420, 435 (2d Cir. 2009).  For guidance on the issue of a New York attorney's potential conflict of interest, the court may look to the New York Rules of Professional Conduct. See id.; Monzon v. United States, No. 13 Civ. 1943, 2013 WL 4804095, at *2 (S.D.N.Y. Sept. 9, 2013).  Rule 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
>     (1) the representation will involve the lawyer in representing differing interests; or
>     (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>     (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>     (2) the representation is not prohibited by law;
>     (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the

>   same litigation or other proceeding before a
>   tribunal; and
>   (4) each affected client gives informed consent,
>   confirmed in writing.

Comment 23 to this rule further notes, in pertinent part:

>   [S]imultaneous representation of parties whose
>   interests in litigation may conflict, such as co-
>   plaintiffs or co-defendants, is governed by paragraph
>   (a)(1). A conflict may exist by reason of substantial
>   discrepancy in the parties' testimony, incompatibility
>   in positions in relation to an opposing party or the
>   fact that there are substantially different
>   possibilities of settlement of the claims or
>   liabilities in question. . . . Some examples are
>   those in which a lawyer is asked to represent co-
>   defendants in a criminal case, co-plaintiffs or
>   <u>co-defendants in a personal injury case</u>, an insured
>   and insurer, or beneficiaries of the estate of a
>   decedent. In a criminal case, the potential for
>   conflict of interest in representing multiple
>   defendants is so grave that ordinarily a lawyer should
>   decline to represent more than one co-defendant. On
>   the other hand, multiple representation of persons
>   having similar interests in civil litigation is proper
>   if the requirements of paragraph (b) are met.

N.Y. Rules of Prof'l Conduct R. 1.7 cmt. 23 (emphasis added). Where a concurrent conflict of interest exists, the attorney should disclose the conflict to the clients and obtain their informed written consent before the representation begins. <u>See Anderson v. Nassau Cnty. Dep't of Corrections</u>, 376 F. Supp. 2d 294, 299 (E.D.N.Y. 2005) (collecting cases). <u>But see</u> <u>Govias v. Tejada</u>, No. 10 Civ. 3397, 2010 WL 3528869, at *2 (S.D.N.Y. Aug. 30, 2010) (accepting a belated waiver where, "to the extent that the concurrent representation of the defendants in this case poses a conflict, that conflict is waivable").

3

### B.   Counsel's Submissions

Pursuant to the Court's September 30, 2013 Order, counsel for both sides filed briefs addressing the potential conflict of interest on October 8, 2013.

Defense counsel, Christopher Miller of James G. Bilello and Associates, contends that no conflict of interest exists.  He argues that Defendants Charles and Wany are united in interest and that they are equally potentially liable as owner and permitted driver of the vehicle involved in the accident. See N.Y. Veh. & Tr. Law § 388.  Miller admits that he has never discussed any potential conflict with Defendants, but attests that neither of them has brought it up, either.

Plaintiff's counsel, John P. Bostany, takes a somewhat different view.  He raises his suspicion that Defendant Wany's deposition testimony was coached by Miller on the issue of insurance coverage.  As a legal matter, he notes several cases involving the concurrent representation of a leased vehicle's driver and owner.  Bostany suggests that Miller's representation is a conflict of interest, although he takes no position on whether such a conflict is waivable.

### C.   Analysis

This Court raised the conflict issue <u>sua sponte</u> because co-defendants to personal injury actions often have divergent interests.  This is true even where the law apportions blame to

4

the defendants jointly and severally, as would be the circumstance here, because the facts of a case may complicate the law's application.  As Miller acknowledges, if Defendant Wany had not admitted that he consented to Defendant Charles's use of the vehicle, that issue would have to be explored, as would any contention by Defendant Wany that Defendant Charles was independently negligent.  But Miller fails to address the fact that any conflict of interest existed at the <u>outset</u> of this litigation — that is, before Defendants' answer to the complaint (presumably drafted by Miller) and deposition testimony (presumably prepared by Miller) eliminated any defenses that would divide their interests.

Miller urges that a party has "a valued right" to be represented by counsel of his own choosing. <u>See</u> <u>also</u> <u>Gov't of India v. Cook Indus., Inc.</u>, 569 F.2d 737, 739 (2d Cir. 1978) (courts must be "solicitous of a client's right freely to choose his counsel").  As a general proposition, this is true.  However, Miller is an employee of GEICO, the insurer of the vehicle involved in the accident.  There is nothing in the record or in Miller's letter to indicate that Defendants actually chose him.  Under these circumstances, Defendants' "choice" merits relatively little deference when weighed against the Court's obligation to "preserve the integrity of the

5

adversary process." <u>Bd. of Educ. v. Nyquist</u>, 590 F.2d 1241, 1246 (2d Cir. 1979).

The Court is especially troubled by Miller's claims about his relationship with Defendants. He attests that "neither client has raised any issues or questions concerning my representation of each of them at any time or point of this litigation." (Miller Letter at 4.) However, that statement is directly contradicted by his earlier representation to Magistrate Judge Dolinger that "[o]ne of them, whenever I speak to them, feels I'm not working in his best interests." (May 31, 2013 Tr. at 4; <u>see also id.</u> at 12-13.) Miller's conflicting statements raise the disconcerting inference that he has been less than forthright before either this Court or Magistrate Judge Dolinger. Moreover, even if it is true that Defendants have not asked Miller about the concurrent representation, this proves nothing. The responsibility to raise the issue is not the client's but the attorney's, and Miller admits that he has not done so.

Miller has thus placed the Court in a difficult position. On one hand, there is conflicting evidence — at best — as to whether Miller has been candid with his clients and with the Court. On the other hand, the Court is inclined to agree with him that there is presently no conflict between Defendant Charles and Defendant Wany's interests. The Court has found no

6

case where defense counsel was disqualified under similar circumstances.[1]  Although Defendants arguably should have been represented by separate counsel before answering the complaint and giving deposition testimony, there is no point in disqualifying Miller at this late hour.  Even if Defendants were each to retain new counsel, their prior testimony would estop them from taking contradictory positions now.

Nevertheless, due to the concerns about Miller's representation discussed above, and to ensure compliance with Rule 1.7(b) of the New York Rules of Professional Conduct, the Court concludes that it is necessary to verify independently that Defendants give their informed consent to being represented jointly by Miller.  Miller is therefore directed to provide both Defendants with copies of the attorneys' submissions on this issue and of this Order.  Miller is further directed to obtain, by sworn affidavit, the written consent of both Defendants to his continued representation.  The affidavit must confirm that

---

[1] The case cited by Plaintiff's counsel, Govias v. Tejada, No. 10 Civ. 3397, 2010 WL 3528869 (S.D.N.Y. Aug. 30, 2010), is distinguishable. There, the alleged conflict arose out of the Graves Amendment, 49 U.S.C. § 30106, "which in certain circumstances precludes the lessor or renter of a vehicle from being held vicariously responsible for the tortious actions of the vehicle's operator." Govias, 2010 WL 3528869, at *2.  Several New York courts have held that the Graves Amendment creates a conflict of interest where a lessor defendant seeks to be dismissed from the action, because such dismissal adversely affects the driver by leaving him on the hook for the entire claim. See, e.g., Graca v. Krasnik, 872 N.Y.S.2d 690, 2008 WL 2928557, at *2-4 (Sup. Ct. July 28, 2008).  But because Defendant Wany is not "engaged in the trade or business of renting or leasing motor vehicles," § 30106(a)(1), the Graves Amendment and caselaw considering it do not apply to the instant action.

Defendants (1) have read the submissions and this Order; (2) have discussed with Miller the possibility that a conflict of interest may have existed in this case; and (3) consent to his continued representation of both of them, notwithstanding any conflict that may have existed. This affidavit must be filed no later than October 28, 2013 at 5:00 P.M. Such prompt resolution of this issue is necessary so that the Court can rule on the extant motions in this case before the parties' joint pre-trial order is submitted.

In the event that Miller does not file the consent affidavit by the date set forth above, the Court will schedule a conference. Failure by Defendants to attend the conference may result in the entry of default judgment for Plaintiff in this matter.

**SO ORDERED.**

Dated:   New York, New York
         October /6 , 2013

                                    /s/ John F. Keenan
                                    ───────────────────────
                                    John F. Keenan
                                    United States District Judge

8