```
                                              ┌────────────────────────────────┐
                                              │ USDC SDNY                      │
UNITED STATES DISTRICT COURT                  │ DOCUMENT                       │
SOUTHERN DISTRICT OF NEW YORK                 │ ELECTRONICALLY FILED           │
                                              │ DOC #: _____             │
                                              │ DATE FILED: Nov. 1, 2013       │
                                              └────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------- X

AMANDA LEE,                         :
                                    :
                Plaintiff,          :
                                    :
      - against -                   :          No. 12 Civ. 7374 (JFK)
                                    :
JOEL B. CHARLES, and                :          **OPINION & ORDER**
JOHN W. WANY,                       :
                                    :
                Defendants.         :

--------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants assert that this Court lacks subject matter jurisdiction because the parties are all domiciled in New York.  For the reasons that follow, this contention is rejected and the motion is denied.

### I.  Background

Plaintiff Amanda Lee alleges that at about 11:20 P.M. on September 18, 2012, she was walking westbound on York Avenue in the north crosswalk at East 68th Street in Manhattan when she was struck by a car owned by Defendant John W. Wany and driven by Defendant Joel B. Charles.  Plaintiff claims that she sustained a "serious injury" as defined by New York Insurance Law § 5102(d), and seeks $1 million plus interest, fees, and costs.

The complaint, which was filed on October 2, 2012, asserts that this Court has subject matter jurisdiction over the case

because Plaintiff is a New Jersey citizen and Defendants are New York citizens.  Defendants[1] have now filed a motion to dismiss on the grounds that Plaintiff changed her domicile to New York, thereby destroying the diversity of the parties.

The following facts are not in dispute.  Plaintiff is a 29-year-old woman whose parents maintain a home in Mount Tabor, New Jersey.  Her grandmother has an apartment in Jackson Heights, Queens, New York.  Her driver's license was issued by New York on June 28, 2012.  Until that date, Plaintiff had a New Jersey license, but testified at a deposition in a related action that she switched to a New York license so that she could apply for in-state tuition as a New York resident if she went back to school. (Miller Aff., Ex. 2 at 15.)  She filed a "Non-resident and Part Year Resident Income Tax Return" with the state of New York for 2012, which lists her address as her parents' New Jersey home. (Id. at 27.)

Plaintiff testified that she "go[es] back and forth between New Jersey and New York for work and school." (Id. at 10.)  During her time as an undergraduate at Hunter College, this meant sleeping in New York during the week and returning to New

---

[1] On September 30, 2013, this Court sua sponte raised the issue of whether it is a conflict of interest for Defendants to be represented by the same attorney. (ECF No. 68.)  After briefing from the parties, the Court concluded that defense counsel could continue to represent both Defendants upon their informed consent to the joint representation. See Lee v. Charles, No. 12 Civ. 7374, 2013 WL 5637658, at *3 (S.D.N.Y. Oct. 16, 2013).  Defendants' sworn affidavits were filed on October 28, 2013, thus resolving the issue. (ECF Nos. 76, 77.)

Jersey on weekends.  At the time of the accident, she was
working weekends at New York Presbyterian Weill Cornell
Hospital, so she stayed with her grandmother on weekends and
returned to New Jersey during the week except when she happened
to pick up a weekday shift at the hospital, in which case she
remained in New York. (Id. at 11-12, 18.)  On the date of the
accident, Plaintiff told the responding police officers that she
lived in Jackson Heights. (Id. at 34.)  As a result of the
accident, in early October she commenced a four-month regimen of
physical therapy in New Jersey. (Id. at 41-42.)

In an affidavit accompanying her opposition to the instant
motion, Plaintiff declares, "I never stopped considering my New
Jersey home as my domicile." (Lee Aff. ¶ 17.)  Plaintiff also
avers that almost all of her personal property remains at her
parents' house in New Jersey.  Attached to the affidavit are
documents offered to support her declaration, including bank and
credit card statements addressed to her in New Jersey.  However,
other bills and financial statements are mailed to her
grandmother's address in New York. (Miller Aff., Ex. 2 at 24;
id. Ex. 3 at 7.)

## II.  Discussion

### A.  Legal Standard

To determine whether diversity jurisdiction exists, a
district court looks to the parties' citizenship at the time the

action was commenced, which in turn depends upon where they were domiciled. Linardos v. Fortuna, 157 F.3d 945, 947–48 (2d Cir. 1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. "Although a person may have more than one residence, she may only have one domicile at any one time." Nat'l Artists Mgmt. Co. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991) (citing Williamson v. Osenton, 232 U.S. 619 (1914)). One's domicile is "established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); see also Hamilton v. Accu-Tek, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998) ("A college student retains the domicile of his parents when he goes off to college, absent a showing of the child's change of domicile."). The burden is on the party alleging a new domicile to prove, by clear and convincing evidence, both actual residence in the new locality and the intent to stay there indefinitely. Palazzo, 232 F.3d at 42; Gutierrez v. Fox, 141 F.3d 425, 429 (2d Cir. 1998); see also Herrick Co. v. SCS Commc'ns Inc., 251 F.3d 315, 324 (2d Cir. 2001).

In probing a party's intent to change domicile, the court examines the totality of the evidence for "objective indicia" of intent. Hamilton v. Accu-Tek, 13 F. Supp. 2d 366, 369 (E.D.N.Y.

1998).  The court may consider such factors as the state where the person resides, where his family resides, "where he keeps his personal belongings, works, exercises his political rights, maintains religious or social affiliations, pays taxes, holds a driver's license, and maintains bank accounts." Bhatti v. Pettigrew, No. 11 Civ. 1044, 2012 WL 1107650, at *3 (S.D.N.Y. Apr. 3, 2012).  Where the party is a college student or young adult, the court may also consider the location of his personal property, as well as whether "continuing aid and support . . . by parents bolster the assumption against a change in domicile." Hamilton, 13 F. Supp. 2d at 370.  Declarations of intent by the party are given "heavy, but not conclusive, weight." Id. But cf. Herzberg v. MegaSpirea Prods. SAS, No. 07 Civ. 10503, 2009 WL 702234, at *3 (S.D.N.Y. Mar. 10, 2009) (self-serving statement is insufficient if belied by objective indicia of actual residence and intent).

"The determination of domicile is a matter of federal common law, not state law." Pacho v. Enterprise Rent-A-Car, 510 F. Supp. 2d 331, 334 (S.D.N.Y. 2007).  Although a party's citizenship for diversity purposes is a mixed question of fact and law, the factual questions may be resolved by the court rather than a jury. Palazzo, 232 F.3d at 42-43.  And while the court may conduct an evidentiary hearing if necessary, it need not do so in the absence of complex legal or factual questions.

Steuben Foods, Inc. v. Int'l Dispensing Corp., No. 09 Civ. 989, 2010 WL 2925954, at *3 (W.D.N.Y. July 23, 2010) (citing Rich v. United States, 119 F.3d 447, 449 n.1 (6th Cir. 1997)).

**B.   Analysis**

The Court notes at the outset that no party has requested an evidentiary hearing on this motion, and that the material facts are largely uncontested.  Further, Defendants have not sought additional discovery on the jurisdictional issue. Accordingly, the motion is properly decided on the submissions of the parties. See Apace Commc'ns, Ltd. v. Burke, No. 07 Civ. 6151, 2009 WL 1748711, at *2 (W.D.N.Y. June 19, 2009) (no hearing required where the relevant facts "are essentially undisputed" and the question is "simply whether those facts indicate that [the party] had changed his domicile prior to the commencement of this lawsuit").

After considering all of the relevant evidence, the Court concludes that Defendants have not overcome the "strong presumption" in favor of Plaintiff's established domicile. Kinsley v. Signorelli, No. 92 Civ. 6421, 1993 WL 127965, at *3 (S.D.N.Y. Apr. 20, 1993).  The essential inquiry is where Plaintiff was domiciled when she filed this action — that is, on October 2, 2012.  The record is undisputed that Plaintiff was living predominantly in New Jersey in September 2012, and began a regimen of physical therapy there in early October.  She filed

her 2012 taxes in New York as a non-resident or part-year
resident, and used her parents' New Jersey address on the tax
return.

To be sure, Plaintiff has spent a lot of time at her
grandmother's apartment in Jackson Heights, and there is
substantial evidence of her ties to both states.  However,
nothing in the record indicates that Plaintiff ever manifested
an intention to abandon New Jersey and remain indefinitely in
New York. See Herrick, 251 F.3d at 354; Gutierrez, 141 F.3d at
429.  Even during the intervals where she stayed in Jackson
Heights more often than not, most of her personal property
remained in New Jersey. See Hamilton, 13 F. Supp. 2d at 369-70.
Evidence that Plaintiff receives mail in Jackson Heights and
opened a bank account in Chinatown is of little moment in these
circumstances, since it is undisputed that Plaintiff
intermittently worked and went to school in New York. See also
Apace Commc'ns, 2009 WL 1748711, at *5 ("In this era of internet
banking, the physical location of one's bank is of less
significance than it once was, since many transactions can be
performed using a computer from anywhere in the world.")

Plaintiff explained that her recent switch to a New York
driver's license was part of a failed attempt to qualify for
discounted in-state tuition. (Miller Aff., Ex. 2 at 15.)  This
explanation is buttressed by the fact that Plaintiff does not

own a car. (Id. at 16.)  The probative value of the driver's
license is further diminished in light of the fact that
Plaintiff filed her 2012 taxes in New York as a non-resident or
part-year resident.

Finally, Defendants speculate that Plaintiff has resumed
her studies at Hunter College and is paying discounted in-state
tuition as a New York resident. (Reply at 5-6.)  No factfinding
on this contention is necessary, however, because even if true,
it does not suffice to demonstrate a change in domicile.  It is
well established that resident status for tuition purposes and
citizenship for diversity jurisdiction purposes are two entirely
distinct concepts. See 13 Charles Alan Wright et al., Federal
Practice and Procedure § 3619 (3d ed. 1998) ("[S]tate rules
regarding how a student may acquire resident status for tuition
purposes have been said to have no relevance for determining
citizenship for diversity jurisdiction purposes."); accord
Stacey v. ZF Lemforder, No. 05 Civ. 72777, 2007 WL 439045, at *4
n.2 (E.D. Mich. Feb. 6, 2007); Alicea-Rivera v. SIMED, 12
F. Supp. 2d 243, 246 (D.P.R. 1998) (change in domicile to Ohio
not established even where Plaintiff registered to vote in Ohio,
obtained an Ohio driver's license, and was approved to pay in-
state tuition as an Ohio resident); Bell v. Milsak, 106 F. Supp.
219, 220 (W.D. La. 1952) (similar).  Indeed, this is a natural
extension of the axiom that "'[c]itizenship' for purposes of the

diversity statute is synonymous not with 'residence' but with 'domicile.'" E.g., Kaiser v. Loomis, 391 F.2d 1007, 1010 (6th Cir. 1968); accord Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567-68 & n.3 (2d Cir. 2000).

In sum, the burden is on Defendants to prove by clear and convincing evidence that Plaintiff changed her domicile, and this they have not done. Accordingly, the Court has subject matter jurisdiction over the case, and the motion to dismiss is denied.

### III.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the case for lack of subject matter jurisdiction is denied.

**SO ORDERED.**

Dated:    New York, New York
          November 1, 2013

                                   John F. Keenan
                                   United States District Judge

9