UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 4, 2013
```

---------------------------------- X
AMANDA LEE,                        :
                                  :
                  Plaintiff,      :
                                  :
       - against -                :      No. 12 Civ. 7374 (JFK)
                                  :      **OPINION & ORDER**
JOEL B. CHARLES, and              :
JOHN W. WANY,                     :
                                  :
                  Defendants.     :
---------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff's motion pursuant to Federal
Rule of Civil Procedure 56 for summary judgment on the issue of
liability.  For the reasons that follow, the motion is granted
and summary judgment is entered in favor of Plaintiff on this
issue.

## I.    Background

Plaintiff Amanda Lee alleges that at about 11:20 P.M. on
September 18, 2012, she was walking westbound on York Avenue in
the north crosswalk at East 68th Street in Manhattan when she
was struck by a car making a left turn from East 68th Street
into the northbound lane of York Avenue.  The car was owned by
Defendant John W. Wany and driven by Defendant Joel B. Charles.
Plaintiff further asserts that she had the walk signal, and that
she looked both ways before crossing the street.  She claims
that she sustained a "serious injury" as defined in New York
Insurance Law § 5102(d), and seeks $1 million plus interest,

fees, and costs.  In support of her summary judgment motion, Plaintiff has filed, among other things, a Rule 56.1 statement and a copy of the Police Accident Report prepared by the responding officer.

Defendants[1] oppose summary judgment.  They argue that an issue of fact exists as to whether Plaintiff was within the crosswalk when Defendant Charles hit her.  The basis for this contention is a sworn declaration by Charles submitted contemporaneously with Defendants' opposition papers, which states in relevant part:  "I have been advised by my attorney that Amanda Lee claims she was crossing the street in a pedestrian crosswalk when the incident occurred.  This is not correct; Amanda Lee was not in the pedestrian crosswalk when the incident with my vehicle occurred." (Charles Dec. ¶ 11.) According to Defendants, Charles's account raises a material issue of fact as to how the accident occurred, and also introduces the possibility that Plaintiff was comparatively negligent.

---

[1] On September 30, 2013, this Court sua sponte raised the issue of whether it is a conflict of interest for Defendants to be represented by the same attorney. (ECF No. 68.)  After briefing from the parties, the Court concluded that defense counsel could continue to represent both Defendants upon their informed consent to the joint representation. See Lee v. Charles, No. 12 Civ. 7374, 2013 WL 5637658, at *3 (S.D.N.Y. Oct. 16, 2013).  Defendants' sworn affidavits were filed on October 28, 2013, thus resolving the issue. (ECF Nos. 76, 77.)

## II.  Discussion

### A.  Legal Standard

Summary judgment is warranted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).  The party seeking summary judgment bears the burden of demonstrating the absence of any genuine factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Additionally, Local Civil Rule 56.1 requires the movant to file a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. Rule 56.1(a).

The party opposing summary judgment must present affirmative evidence in order to defeat a properly supported motion. Anderson, 477 U.S. at 257.  "Factual issues created solely by an affidavit crafted to oppose a summary judgment

motion are not 'genuine' issues for trial." Hayes v. New York
City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996); see
also Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 43 (2d Cir.
2000) ("[I]n opposing summary judgment, a party who has
testified to a given fact in his deposition cannot create a
triable issue merely by submitting his affidavit denying the
fact."). Finally, facts set forth in the movant's Rule 56.1
statement are deemed admitted "unless specifically controverted
by a correspondingly numbered paragraph in the statement to be
served by the opposing party." Local Rule 56.1(c); see, e.g.,
Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

The parties agree that the laws of New York govern the
instant case. In New York, the Vehicle and Traffic Law (the
"VTL") establishes rules of conduct that must be obeyed by
motorists and pedestrians, and a violation of the VTL
constitutes negligence per se. See, e.g., McConnell v. Nabozny,
489 N.Y.S.2d 24, 24 (4th Dep't 1985); N.Y. Pattern Jury Instr.
2:26 (3d ed. 2013).

New York VTL § 1112(a) provides that, in an intersection
containing pedestrian control signals, pedestrians facing a
"walk" indicator or graphic "may proceed across the roadway in
the direction of the signal and shall be given the right of way
by other traffic." See also N.Y. Pattern Jury Instr. 2:75 cmt.
Accordingly, a plaintiff seeking summary judgment on the issue

of liability must "submit evidence that shows while crossing the street, within the crosswalk, and the pedestrian signal in his favor, that the defendant driver violated Vehicle and Traffic Law § 1112(a) and that the plaintiff was free from comparative negligence." Ljekperic v. Durst, 966 N.Y.S.2d 347 (N.Y. Sup. Ct. 2013) (citing Klee v. Americas Best Bottling Co., Inc., 875 N.Y.S.2d 270 (2d Dep't 2009)).

Additionally, New York has expressed the public policy "that all motor vehicle owners should be liable for the actions of an operator driving the vehicle with consent." Green v. Toyota Motor Credit Corp., 605 F. Supp. 2d 430 (E.D.N.Y. 2009). That policy is articulated in VTL § 388, which states in relevant part:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner.

VTL § 388(1).

## B.   Analysis

On the admissible evidence before the Court, it is appropriate to enter summary judgment for Plaintiff on the issue of liability.  Plaintiff's sworn declaration, Rule 56.1 statement, and deposition testimony all aver that she had a walk signal and looked both ways before beginning to cross York Avenue in the north crosswalk at East 68th Street.  Under these

circumstances, it was per se negligent for Defendant Charles to collide into her with Defendant Wany's vehicle. See McConnell, 489 N.Y.S.2d at 24; see also Perez-Hernandez v M. Marte Auto Corp., 961 N.Y.S.2d 384, 385 (1st Dep't 2013).

Moreover, Defendants have failed genuinely to dispute the facts as asserted by Plaintiff.  First, they failed to file a Rule 56.1 counterstatement or otherwise present affirmative evidence that contradicts Plaintiff's account.  The contentions contained in Plaintiff's Rule 56.1 statement are therefore properly deemed admitted. Local Rule 56.1(c).

Second, Defendant Charles was deposed on the facts of the accident, and was repeatedly asked if he disagreed with the account of the accident recorded in the Police Accident Report, which states that Plaintiff was in the north crosswalk when the accident occurred.[2]  In response to this repeated questioning, Defendant Charles never disputed the contention that Plaintiff was in the crosswalk:

> Q:   I'm going to show you a six-page document . . . .
>      I call your attention to the fourth page of the
>      document, and there is a copy of the police
>      report with a description in it.  I'm going to
>      ask you to read that description and tell us if
>      that's correct. . . .
> A:   (Perusing) "Pedestrian was crossing York Avenue
>      and East 68th Street in the north crosswalk.

---

[2] Although the contents of the Police Accident Report are repeated here for the purposes of determining whether Defendant Charles's declaration raises a genuine issue of material fact, the Court has not considered the Report for its truth, since the Report has not been authenticated and contains hearsay. See Fed. R. Evid. 803(6),(8).

> Pedestrian was crossing east to west.  Vehicle
> number, I was turning left from East 68th onto
> York and collided into the pedestrian."

Q:    Is that an accurate description, sir?

A:    Um, I would say that I made contact with the
      pedestrian.  I wouldn't say "collided."

Q:    Other than that; is it accurate?

A:    (Perusing) I didn't get a chance to make a left
      turn on East 68th – I mean, on York.

Q:    So what other part of it would you change?

A:    I came to a stop.  I was in neutral.  I went into
      first gear to make a left onto York and I made
      contact with a pedestrian.

Q:    Did you see the pedestrian before you made
      contact with her?

A:    I didn't see that – I didn't see that particular
      pedestrian.  I saw a few pedestrians.

Q:    Were they all crossing the street?

A:    Yes.

(June 11, 2013 Charles Depo. Tr. at 43–45.)  As is plain from

the transcript, Defendant Charles never contested that Plaintiff

was in the crosswalk.  Indeed, he could not have honestly done

so, given his admission that he did not see Plaintiff until

after he hit her with the car.  Defendant's effort to create a

factual dispute at this late hour by self-contradicting

affidavit therefore fails.  See Hayes v. N.Y.C. Dep't of Corr.,

84 F.3d 614, 619 (2d Cir. 1996) (noting that "factual issues

created solely by an affidavit crafted to oppose a summary

judgment motion are not 'genuine' issues for trial").

Finally, there is no dispute that Defendant Charles had

permission to use Defendant Wany's vehicle on the day of the

accident. (June 11, 2013 Wany Depo Tr. at 23; Oct. 8, 2013

Miller Letter at 2 ("In the case at hand there is no issue of non-permissive use.").)  Defendant Wany is therefore vicariously liable as a matter of law. VTL § 388(1).

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment on the issue of liability is granted.  The case will proceed to trial on November 13, 2013 to determine the appropriate amount of damages, unless the parties reach a settlement on that issue.

In light of this summary judgment ruling, the deadline for the parties to submit their Joint Pre-trial Order is extended to November 6, 2013.  Counsel for the parties are directed to appear for a final pretrial conference on November 7, 2013, at 10:45 A.M. in Courtroom 20-C.

**SO ORDERED.**

Dated:    New York, New York
          November 4, 2013

                                    John F. Keenan
                              United States District Judge